**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| **IVAN GIRON RODRIGUEZ,** | | **Civil Action No. 26-7501 (RK)** |
| **Petitioner,** | | |
| **v.** | | **ORDER** |
| **TODD BLANCHE, et al.,** | | |
| **Respondents.** | | |

Petitioner Ivan Giron Rodriguez has filed a counseled petition pursuant to 28 U.S.C. § 2241 challenging his detention by immigration officials. (ECF No. 1.) The Petition was filed by counsel on June 23, 2026. (ECF No. 1.) Respondents have filed a letter requesting that the Court dismiss or transfer the Petition to the Western District of Louisiana. (ECF No. 5.) They have provided a declaration from Reese Clews, an Immigration and Customs Enforcement ("ICE") officer, who avers that Petitioner was transferred from Elizabeth Detention Center in New Jersey on June 17, 2026, and that he arrived in Alexandria Louisiana the same day. (ECF No. 5-1, Reese Declaration at ¶¶ 3-6.)

Petitioner acknowledges that after his arrest on June 10, 2026, he was "immediately transferred" to the Alexandria Staging Area in Alexandria, Louisiana; he contends, however, that jurisdiction is proper because he is in removal proceedings in Newark, New Jersey, and the immigration court has legal control over him. (ECF No. 1, Petition at ¶¶ 4, 14.) Petitioner's counsel has not filed a response to Respondents' request to dismiss or transfer the Petition.

"[F]or core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Meyers v. Warden Allenwood USP*, 553 F. App'x 257–258 (3d Cir. 2014) (quoting *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004)). This rule applies

in immigration habeas cases and requires the petitioner to name the warden as a respondent and file the petition in the district of confinement. *See Anariba v. Dir. Hudson Cnty. Corr. Ctr.*, 17 F.4th 434, 444 (3d Cir. 2021). The Court assesses whether the petitioner is confined in this jurisdiction on the date the habeas petition is filed. *See Leyva v. Williams*, 504 F.3d 357, 363 (3d Cir.2007); *Chong v. Dist. Dir., INS*, 264 F.3d 378, 382–83 (3d Cir.2001). Because Petitioner was not confined within the District of New Jersey at the time he filed the Petition, this Court lacks jurisdiction over the Petition.

Whenever a civil action is filed in a court that lacks jurisdiction over that action, "the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. The Court finds that it is in the interest of justice to transfer the Petition to the Western District of Louisiana.

**IT IS**, therefore, on this ___16th___ day of July 2026,

**ORDERED** that the Court lacks jurisdiction over the instant Petition brought pursuant to 28 U.S.C. § 2241, which must be brought in the district where Petitioner is confined; and it is further

**ORDERED** that the stay of transfer at ECF No. 2 is **VACATED**; and it is further

**ORDERED** that pursuant to its authority under 28 U.S.C. § 1631, the Court directs the Clerk of the Court to transfer this Petition to the Western District of Louisiana; and it is further

**ORDERED** that the Clerk of the Court shall mark this matter as **CLOSED**.

ROBERT KIRSCH
United States District Judge